FILED
United States Court of Appeals
Tenth Circuit

April 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIGUEL GUERRERO; EVA
GUERRERO,

    Plaintiffs - Appellants,

v.

JACOB MEADOWS; TRANSPORT
AMERICA, a Minnesota corporation, a/k/a
Transport Corporation of America, Inc.,

    Defendants - Appellees.

No. 15-6114
(D.C. No. 5:14-CV-00537-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

Plaintiff Miguel Guerrero was involved in an automobile accident with

defendant Jacob Meadows while Mr. Meadows was driving a tractor-trailer for

defendant Transport America. Mr. Guerrero and his wife, plaintiff Eva Guerrero,

filed a complaint in state court against Mr. Meadows and Transport America,

bringing claims of negligence and loss of consortium. Defendants removed the case

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to federal court. A jury returned a verdict in favor of Mr. Guerrero, finding he was 45% negligent and defendants were 55% negligent. The jury awarded damages to Mr. Guerrero, but did not award damages to Mrs. Guerrero on her loss-of-consortium claim. Plaintiffs now appeal. We exercise jurisdiction over this diversity case pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Discussion

On appeal, plaintiffs challenge the district court's decisions to: (1) exclude one of their proposed witnesses from testifying; (2) limit the examination time of a hostile witness; and (3) exclude some testimony from Mr. Guerrero's treating physician. We review the district court's evidentiary rulings for abuse of discretion. *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 939 (10th Cir. 2005). "An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment." *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006) (internal quotation marks omitted).

### A. *Excluding Jason Swihart's testimony*

Plaintiffs argue that the district court abused its discretion in excluding Mr. Swihart as a witness. We disagree.

The accident at issue in this case occurred on April 27, 2012. Plaintiffs originally filed their complaint in state court on April 21, 2014. Defendants removed the action to federal court shortly thereafter. On August 15, 2014, plaintiffs filed their initial disclosures and generally identified emergency responders at the scene of the accident as potential witnesses. Pursuant to the Scheduling Order entered on

2

August 22, 2014, plaintiffs were to file their final witness lists by January 10, 2015. In their final witness list, plaintiffs again generally identified firemen/flagmen on the highway at the time of the accident as potential witnesses, but did not identify any specific individuals.

Plaintiffs did not notify defendants that they intended to call Mr. Swihart as a witness until April 16, 2015, the day after the discovery deadline. At the time of the accident in this case, Mr. Swihart was a volunteer fireman for the Hydro Fire Department. He was one of the firemen that had responded to an earlier accident on the same stretch of highway. He was acting as a flagman to slow down the traffic as it approached the scene of the earlier accident and he allegedly observed the subsequent accident that occurred between Mr. Guerrero and Mr. Meadows.

Defendants filed a motion in limine to exclude Mr. Swihart from testifying. In their motion, defendants argued that plaintiffs had failed to comply with the district court's Scheduling Order, which required that all witnesses be disclosed prior to the discovery deadline or they would be excluded from testifying at trial. Defendants further argued that plaintiffs had failed to comply with their duty under Rule 26 of the Federal Rules of Civil Procedure to supplement their disclosures and identify Mr. Swihart as a witness prior to the close of discovery and therefore he should be

3

excluded from testifying pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.[1]

Plaintiffs responded that there was no surprise or prejudice to defendants by the late addition of Mr. Swihart because both parties had identified "firemen/flagmen" on their final witness lists and therefore "Defendants were aware that all of the firemen and flagmen at the scene were potential witnesses." Aplt. App. at 150-51. Plaintiffs further asserted that they had just learned of Mr. Swihart's identity a week before the discovery cut-off.

The district court granted defendants' motion in limine and subsequently denied plaintiffs' motion to reconsider that decision. In considering the district court's decision on appeal, we concluded that the original order did not include a sufficient explanation for this court to meaningfully review the district court's exercise of its discretion. We therefore directed a limited remand to the district court to supplement its order granting the motion in limine. The district court filed a

---

[1] A party is obligated to provide in its initial disclosures to the opposing party the name of each individual "likely to have discoverable information . . . that the disclosing party may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A). A party must "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *Id*. 26(e)(1)(A). If a party fails to make appropriate disclosures under Rule 26(a) or (e), "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

supplemental order and we gave the parties the opportunity to file supplemental briefs addressing the district court's supplemental order.

In our limited-remand order, we asked the district court to address the four factors identified in our decision in *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999), which guide the district court's discretion in this type of situation. Those factors are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or wilfullness." *Id.*

In its supplemental order, the district court found that the first factor favored Mr. Swihart's exclusion as a witness. The court explained that defendants were prejudiced by the late disclosure of Mr. Swihart's identity because it occurred after the close of discovery thereby precluding defendants from obtaining discovery related to Mr. Swihart. The court further explained that plaintiffs' late disclosure of Mr. Swihart's identity less than a month before trial further compounded the prejudice to defendants. The court noted plaintiffs' argument that their identification of firemen/flagmen as potential witnesses cut against the prejudice to defendants. The court, however, disagreed with plaintiffs, explaining that defendants are not obligated to interview every potential witness, but instead "are entitled to rely on Plaintiffs, who have the burden of proof, to set forth those witnesses they intend to call to satisfy their burden and then respond accordingly." Supp. Order at 5.

5

The district court also found that the remaining factors favored Mr. Swihart's exclusion. The court explained that:

> Given the limited period of time between Plaintiffs' late disclosure of Mr. Swihart as a witness and the scheduled trial date, and considering the other actions necessary for preparation of trial, there simply was insufficient time for Defendants to interview/and or depose Mr. Swihart in time to continue the trial as originally scheduled.

*Id.* The court further noted that:

> Diligent efforts by Plaintiffs would have identified Mr. Swihart in time for his listing on the January witness list. Plaintiffs had nearly nine months from the date this case was filed until that witness list was due to identify the witnesses on whom they were going to base their claims. If, indeed, Mr. Swihart was as central to their proof of liability as Plaintiffs suggest . . . , it certainly was incumbent upon them to secure his identity and make him known to all parties much earlier in this litigation.

*Id.* at 5-6. Finally, the court concluded that "the delay in investigating demonstrates Plaintiffs' willful failure to properly prepare and to present their case." *Id.* at 6.

In their supplemental brief, plaintiffs argue against the district court's characterization of their efforts to learn Mr. Swihart's identity, asserting, among other things, that the district court's opinion of counsel's investigation is "not supported by the record." Aplt. Supp. Br. at 1. Plaintiffs cite to their counsel's efforts to identify the volunteer firemen/flagmen as outlined in the record, but we agree with the district court's conclusion that they could have been more diligent in their efforts to timely identify Mr. Swihart. Plaintiffs knew that the emergency personnel at the scene were potential witnesses as noted in their initial disclosures on August 15, 2014, but they waited until February 2, 2015, to request the incident reports from the date of the accident from the Hydro Fire Department. There is

6

nothing in the record to explain this almost six-month delay in investigating the identity of these potential witnesses.

Plaintiffs continue to assert in their supplemental brief that defendants were not surprised or prejudiced by the late disclosure because defendants could have investigated and learned the identity of Mr. Swihart. We note that plaintiffs received the relevant Hydro Fire Department incident report on March 16, which identified the ten firemen who were at the scene, but plaintiffs did not disclose the report to defendants until April 10—five days before the discovery deadline—and did not indicate at that time that they were planning on adding any witnesses. We agree with the district court that defendants were not obligated to interview potential witnesses when it was plaintiffs' burden to identify and disclose their witnesses.

Plaintiffs also argue that any prejudice could have been cured because there was ample time for defendants to contact Mr. Swihart before trial, which they note was almost thirty days later. The district court found, however, that there was insufficient time for defendants to interview/depose Mr. Swihart and adequately prepare for trial in time for the scheduled trial date. As the Supreme Court has explained, we should afford broad discretion to a district court's evidentiary rulings, "[i]n deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). We defer to the district court's greater familiarity with the case regarding the time needed to prepare for trial with the addition of this new witness and the resulting impact on the trial date.

Given the circumstances in this case and the district court's reasoning in support of its decision, we cannot conclude that the district court's discretionary decision to exclude Mr. Swihart was "arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment," *Weidner*, 437 F.3d at 1042 (internal quotation marks omitted).

B. *Limiting the time for examining Thomas McLoughlin*

At trial, plaintiffs called Thomas McLoughlin as a witness. Mr. McLoughlin is the Director of Claims at Transport America. Defense counsel asked for a conference with plaintiffs' counsel and the court to inquire as to why Mr. McLoughlin was being called as a witness. The court asked plaintiffs' counsel to explain his purpose in calling Mr. McLoughlin as a witness. Plaintiffs' counsel indicated that he wanted Mr. McLoughlin to summarize the contents of the company's internal investigation file in which the company determined that the accident was preventable.

The district court stated:

This witness is not—is not meant to prove or disprove any issue relevant in this case, as I see it.

The investigation is in as an exhibit. The jury will have that in the deliberation room. They don't need somebody who was copied on an e-mail to summarize that exhibit for them.

Aplt. App., Vol. II at 412. The district court ultimately determined that plaintiffs' examination of Mr. McLoughlin should be limited to five minutes "because he doesn't have any more than 5 minutes' worth of stuff that's relevant to say." *Id*. at 413. Plaintiffs' counsel then proceeded to question Mr. McLoughlin.

8

A district court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time." Fed. R. Evid. 611(a)(2). A district court also has discretion to exclude evidence "if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiffs argue on appeal that the district court arbitrarily limited their examination of Mr. McLoughlin and therefore they were unable to question him about how the company determined the accident was preventable. Although the district court limited the time of the examination, the court did not limit the subject matter of plaintiffs' questioning. Plaintiffs' counsel examined Mr. McLoughlin but did not ask him any questions regarding how the company arrived at its preventability determination even though counsel had the opportunity to do so. Because plaintiffs' counsel indicated that Mr. McLoughlin would be summarizing the investigation file, which itself was admitted as an exhibit, the district court did not abuse its discretion in limiting the time of examination to avoid the needless presentation of irrelevant or cumulative evidence.

C. *Excluding some of Dr. Michael Aaron's testimony*

After the accident, Mr. Guerrero was seen by Dr. Aaron, his family physician, and Dr. Anthony Vaughn, a neurologist. Dr. Aaron treated Mr. Guerrero for hand and arm pain and headaches. Dr. Vaughn diagnosed and treated Mr. Guerrero for two neurological conditions: trigeminal neuralgia and ulnar neuropathy.

Plaintiffs planned to introduce deposition testimony from Dr. Aaron at trial, although they did not designate him as an expert witness. Defendants moved to exclude some of Dr. Aaron's testimony. The district court granted the motion in part and excluded testimony from Dr. Aaron that: striking one's face in an accident is sufficient trauma to cause trigeminal neuralgia; Mr. Guerrero's trigeminal neuralgia and ulnar neuropathy were caused by the accident; and the treatment Mr. Guerrero was receiving for his neurological conditions was proper. Plaintiffs argue on appeal that the district court abused its discretion in excluding Dr. Aaron's opinion as to the causation of Mr. Guerrero's trigeminal neuralgia.

A treating physician does not need to be certified as an expert witness and may testify as a lay witness "if he or she testifies about observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). This is consistent with Rule 701(a) of the Federal Rules of Evidence, which states that: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . rationally based on the witness's perception."

Dr. Aaron treated Mr. Guerrero for headaches following the accident and the district court allowed plaintiffs to introduce Dr. Aaron's deposition testimony relating Mr. Guerrero's complaints of headaches and the need for headache medication to the accident. But Dr. Aaron did not diagnose or treat Mr. Guerrero for his neurological conditions—trigeminal neuralgia and ulnar neuropathy. Dr. Vaughn, the neurologist who diagnosed and treated Mr. Guerrero for these conditions, was

10

unable to conclude based on his treatment of Mr. Guerrero that the accident caused these neurological conditions. Dr. Aaron's opinion testimony about these neurological conditions and their cause was speculative and not based on personal knowledge or Dr. Aaron's treatment of Mr. Guerrero. The district court therefore did not abuse its discretion in excluding Dr. Aaron's opinion testimony about Mr. Guerrero's trigeminal neuralgia and whether it was caused by the accident.

   II. Conclusion

   For the foregoing reasons, we affirm the district court's judgment.

                                        Entered for the Court


                                         Bobby R. Baldock
                                         Circuit Judge